**Ronald Dee WATT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 02–1677.

United States Court of Appeals, Sixth Circuit.

March 30, 2004.

Nicholas J. Rine, Peter Chung, Marianne Hohman, Bridget M. McCormack, Michigan Clinical Law Program, Ann Arbor, MI, for Petitioner–Appellant.

Ronald Dee Watt, Waupun, WI, pro se.

Raymond E. Beckering, III, Joan E. Meyer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Respondent–Appellee.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

PER CURIAM.

Appellant Ronald Dee Watt seeks review of the district court's denial, pursuant to 28 U.S.C. § 2244, of his motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 on the ground that his motion did not satisfy the gatekeeping requirements for the filing of a successive § 2255 motion. For the reasons that follow, we **REVERSE** the judgment of the district court and **REMAND** this case for the district court to examine the propriety of reducing Watt's sentence in accordance with the procedures set forth in § 2255 and the Rules Governing Proceedings under Section 2255 ("Section 2255 Rules").

In 1993, on Watt's direct appeal of his conviction and sentence for bank robbery, this Court upheld the district court's use of Watt's prior state court convictions to enhance his sentence as a career offender, but left open Watt's right to "attack the actual validity of his prior convictions through the superior vehicle of a habeas petition." *United States v. Watt*, Nos. 92–1934, 92–1935, 1993 WL 190912, at *4 (6th Cir. June 3, 1993) (hereafter *"Watt I"*). The Court further instructed, "If successful in having the convictions set aside, he will then be in the position to seek modification of his sentence in this case." *Id.*

In 1996, Watt filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Watt argued that the sentencing court relied on "constitutionally invalid" prior convictions. After the district court inappropriately dismissed Watt's § 2255 motion on statute of limitations grounds, this Court remanded the case to the district court to consider the merits of Watt's § 2255 motion. *Watt v. United States*, No. 96–2136, 1998 WL 808368, at *2 (6th Cir. Nov. 9, 1998). Upon remand, Watt filed a brief that supplemented the arguments made in his

§ 2255 motion filed in 1996. Watt argued that his state convictions, on which the district court had relied to deem him a career offender, were void pursuant to a Tennessee law that prohibited entering a sentence for a state court conviction that runs concurrently with a federal sentence. The district court denied the § 2255 motion on the ground that Watt's claim that his two prior state convictions had been constitutionally infirm had been "previously raised and adjudicated on direct appeal." (J.A. 67.) (citing *Watt I*, 1993 WL 190912, at *3). Subsequently, the district court acknowledged that Watt was in the process of challenging his state court convictions in state court and further indicated that the court would "not revisit the Petitioner's sentence until such time that a state court has reversed the judgment." (J.A. 73–74.)

In 2000, a Tennessee state court vacated the convictions on which the district court had based its career offender determination. Thus, under this Court's instructions from *Watt I*, Watt was now in a position to seek a re-determination of his career offender status and potentially a reduction in his sentence. This is exactly what Watt did by filing a motion for reconsideration with the district court that apprised the court of the vacation of his state court convictions. In a brief order, the district court denied the motion, stating simply that Watt had "failed to convince the Court that its prior rulings were erroneous." (J.A. 306.) Watt then appealed the district court's order to this Court. This Court construed the appeal as a petition for a certificate of appealability and remanded it to the district court, which denied his petition for a certificate of appealability, forcing Watt to file an application for a certificate of appealability with this Court. A panel of this Court granted a certificate of appealability as to whether

the district court improperly had denied Watt's motion for reconsideration. *Watt v. United States*, No. 00–1725 (6th Cir. June 7, 2001).

Had the procedural machinations ended here, this Court would have been in a position in 2001 to examine the district court's basis, or lack thereof, for failing to grant Watt's motion for reconsideration and to reassess the career offender component of Watt's sentence. Unfortunately, Watt, proceeding *pro se*, confounded matters by separately seeking leave to file a second or successive motion to vacate. This Court granted Watt leave to file another § 2255 motion, *In re Watt*, No. 00–2062 (6th Cir. May 15, 2001), but later dismissed as duplicative the direct appeal of the district court's denial of the motion for reconsideration. *Watt v. United States*, No. 00–1725 (6th Cir. Mar. 11, 2002) (order granting government's motion to dismiss Rule 60(b) appeal). Watt then filed a successive motion to vacate in the district court. The district court denied the motion without reaching the merits because the motion did not present newly discovered evidence or rely on a new rule of constitutional law and thus did not meet the gatekeeping requirements for relief as a second or successive motion under 28 U.S.C. § 2244.

We hold that Watt's § 2255 motion should not be categorized as second or successive because the district court failed to comply with § 2255 when it refused to reconsider its denial of Watt's original § 2255 motion. Section 2255 provides that unless a § 2255 motion and related papers "conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. Rule 4(b) of the Section 2255 Rules permits a district court to summarily dismiss a § 2255 motion only if "it plainly appears from the face of the motion ... that the movant is not entitled to relief." When Watt filed his second motion for reconsideration with the district court after having his state court convictions vacated, it was not plain that Watt was entitled to no relief, because this Court had held in *Watt I* that Watt was entitled to seek § 2255 relief once his state convictions were overturned. Accordingly, instead of a cursory, unreasoned denial of Watt's motion for reconsideration, the district court should have ordered the United States Attorney to file an answer or other pleading pursuant to Rule 4(b), if the government had not already done so. At the same time, the court could have invited the government to dismiss the motion for undue delay and/or as an abuse of the § 2255 process. *See* Rule 9. Pursuant to Rule 8(a), the court then should have determined whether an evidentiary hearing was required. At the end of this process, the district court should have rendered findings of fact and conclusions of law regarding the propriety of redetermining Watt's sentence. 28 U.S.C. § 2255. The court did none of these things.

As a consequence of the district court's error, Watt was forced to file a direct appeal with this Court. This Court accepted jurisdiction of that appeal, but then Watt made the strategic error of also applying for permission to file a successive § 2255 motion. This Court failed to appreciate Watt's error, and perpetuated it, by granting permission to file the successive § 2255 motion and dismissing as duplicative the direct appeal of the district court's adverse adjudication on the original § 2255 motion. This course doomed Watt's second § 2255 motion to failure because it could not withstand the gatekeeping standards of § 2244.

We believe it would be unfair and arbitrary to deny Watt appellate review of the district court's erroneous handling of his original § 2255 motion just because this Court chose to dismiss his direct appeal as opposed to his concurrent appeal that had sought leave to file a successive § 2255 motion. Accordingly, this case shall be remanded to the district court, which is instructed to examine the propriety of reducing the career offender component of Watt's sentence in accordance with procedures set forth in 28 U.S.C. § 2255 and the Section 2255 Rules.